## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Charles Talbert, | : |
| Petitioner | : |
| | : |
| v. | : |
| | : |
| Pennsylvania Attorney General, | : |
| Respondent | : |

Civil Action No. 20-6330-CFK

## <u>MEMORANDUM</u>

**Kenney, J.**                                                                           **July 27, 2021**

Charles Talbert ("Petitioner"), representing himself, has filed a motion for a temporary restraining order and injunction under Rule 65 (ECF No. 14), along with a habeas corpus petition pursuant to 28 U.S.C. § 2241 (ECF Nos. 8 and 15), challenging his current incarceration pending trial for three separate criminal cases of robbery, terroristic threats, and recklessly endangering another person.  Upon referral from this Court, Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R") finding that Petitioner's claims for habeas relief and his Rule 65 Motion are without merit and recommending that his petition and motion be denied and dismissed.  ECF No. 18.  Petitioner has timely filed Objections to the R&R.  ECF No. 19.

After a review of Petitioner's habeas petition, his Rule 65 Motion, the R&R, and the Objections thereto, and for the reasons set forth below, this Court overrules the Objections, approves and adopts the R&R in its entirety, and denies and dismisses the habeas petition and the Rule 65 Motion.

**I.        RELEVANT BACKGROUND**

**A.  Petitioner's Charges and Procedural History**

This petition for habeas corpus arises out of three separate criminal cases filed against Petitioner.[1]  In the Petitioner's first case ("Case Number 1"), Petitioner was charged with robbery, terroristic threats, and recklessly endangering another person.  Crim. Docket 1 at 3.  In the Petitioner's second case ("Case Number 2"), he was charged with robbery, theft by unlawful taking, receiving stolen property, possession of an instrument of crime, and terroristic threats.  Crim. Docket 2 at 3.  In the Petitioner's third case ("Case Number 3"), he was charged with robbery, attempted theft by unlawful taking, attempted receipt of stolen property, possession of an instrument of crime, and terroristic threats.  Crim. Docket 3 at 3.  Petitioner has been in detention on charges related to these cases since his arrest on January 8, 2019.  Crim. Docket 1 at 1; Crim. Docket 2 at 1; Crim. Docket 3 at 1.

The trial court granted several continuances at the request of both defense counsel and the Commonwealth.[2]  In March 2020, under the direction of Governor Wolf, Pennsylvania Rule of Criminal Procedure Rule 600—the "Speedy Trial Statute"—was suspended due to the Covid-19 public health emergency.  ECF No. 19 at 5.  On February 16, 2021, the trial court continued the case due to the closure of the courthouse to jury trials during the Covid-19 pandemic.  Crim.

---

[1] The Court's recitation of the procedural history relies upon information provided by the affidavit of probable cause (attached to this memorandum as Attachment A), information provided by Petitioner, and the criminal docket sheets for Petitioner's underlying criminal cases (*see* R&R at n.1).

[2] In Case Number 1, defense counsel requested a continuance due to Petitioner's unavailability in June 2019.  Crim. Docket 1 at 4.  In Case Number 2, defense counsel requested a continuance for further investigation on May 1, 2019.  Crim. Docket 2 at 5.  Defense counsel then requested two more continuances for further investigation.  *Id.*  In Case Number 3, the trial court granted continuances on September 19, 2019 and October 30, 2019.  Crim. Docket 3 at 5.

The Commonwealth filed a motion for consolidation in all three cases on November 25, 2019, which the court granted on December 13, 2019.  Crim Docket 1 at 5; Crim. Docket 3 at 6.  Counsel then filed a joint request for continuance in January of 2020.  *Id.* at 5.  On July 10, 2020, the Commonwealth requested a continuance for its expert witness.  Crim Docket 1 at 6; Crim Docket 2 at 6; Crim Docket 3 at 7.  Defense counsel then requested a continuance for further investigation on September 10, 2020.  Crim Docket 1 at 6; Crim Docket 2 at 7; Crim. Docket 3 at 7.

Docket 1 at 7; Crim. Docket 2 at 8; Crim. Docket 3 at 8.  Petitioner's trial is currently scheduled for September 13, 2021.  Crim. Docket 1, 2, & 3 at 2.

State court records show that on November 29, 2018, an offender—later identified as Petitioner—walked into a PNC Bank and handed the teller a demand note that stated, "FILL ME UP A BAG OF MONEY OR I WILL SHOOT."  The teller did not comply and walked behind the teller line and entered the emergency code to alert the police.  The offender then walked out of the bank empty handed in an unknown direction.  Members of the FBI Task Force responded to the bank robbery within fifteen minutes and processed the scene.  The demand note was photographed and recovered, the teller and another witness were interviewed, and video surveillance, including still images, were recovered.  The teller was able to describe the offender in detail.

Two days later, on December 1, 2018, an offender entered a TD Bank and handed the teller a demand note that stated, "GIVE ME TEN THOUSAND IN 10 SECONDS OR YOU WILL DIE."  The teller complied and gave the offender approximately $3,000.00.  The offender took the money and fled the bank in an unknown direction.  About an hour later a detective responded to the bank robbery and processed the scene.  The demand note was photographed and recovered, the teller was interviewed, and the still images were recovered.  The offender was described in detail by a witness.

On December 2, 2018, still images taken from video surveillance from the bank robbery were uploaded to the Philadelphia Police Department's home page and were submitted to the local media outlets to solicit tips from the public.

On December 4, 2018, a police officer from Galloway Police Department in New Jersey was dispatched on a report of a male who wanted to turn himself in for a bank robbery.  Upon

arrival, the officer made contact with Petitioner, who stated that he robbed the TD Bank in Chestnut Hill, Philadelphia.  The Petitioner was detained and transported to Galloway Township Police Department for investigation, where the officer was able to verify that there was a bank robbery at the TD Bank in Chestnut Hill.  The officer was also able to locate a bulletin issued by the Philadelphia Police FBI Violent Crimes Task Force, which further verified a robbery at the TD Bank.  The officer observed that the still image in the bulletin had distinct similarities with the Petitioner, which further corroborated his admission.  The Petitioner had $760.00 in his possession.  The Petitioner was not arrested at the time and was transported to Atlanticare Mainland Division Hospital, as he reported having ingested cocaine before calling the police.

Investigators then compared the driver's license photograph of Petitioner with images from the surveillance videos from the bank robberies and concluded that the offender was Petitioner.  When detectives showed the tellers from the PNC and TD Bank robberies photo arrays that included Petitioner, neither was able to make a positive identification.

Then, on December 22, 2018, an offender approached the cash register at a Kentucky Fried Chicken in Philadelphia and threw a demand note over the front counter.  When the cashier asked, "What's this?" the offender replied, "If you don't give me the money, I'll kill you!"  The cashier stated that the offender had his jacket pulled up to his face covering his mouth, and she had difficulty understanding him.  She asked the offender three times what he said, and on the third time he stated, "If you don't open the register, I'm gonna kill you!"  The cashier then ran to the back of the restaurant and informed the restaurant manager.  The cashier and manager then ran to the front of the store and observed the offender fleeing.  The manager then got into his vehicle, followed the offender and used his cell phone to record him talking to an older man outside of a dark blue car.  The manager then left the location and flagged down Patrol Officers

4

in the area and informed them of the robbery.  The North West Detectives Division responded to the location, photographed the scene, and interviewed the cashier and manager.  At the scene, the Patrol Officers recovered a piece of a brown paper bag that read, "Give me 5k or I'm gonna kill you," from the front counter of the restaurant.  The manager provided the officers with the video from his cell phone of the offender.

On December 27, 2018, the same two officers were on patrol in the same area when they observed a blue car with the same license plate from the manager's video.  The officers stopped the vehicle and recognized the operator of the vehicle as the man speaking to the offender in the video.  The man provided the officers with his recollection of his encounter with the offender on December 22, 2018.  He informed the officers that he knew the offender from living in the same neighborhood as him, and that the offender asked him for a ride.  When the man observed the manager recording them with his cell phone, he declined to give "Charlie" a ride and went inside his residence.

With this information, the Patrol Officers searched a prior offender database using the offender's physical description from the video.  The assigned detective also submitted a facial recognition request to the Pennsylvania Criminal Intelligence Center using a screenshot obtained from the video.  The results implicated Petitioner as a possible suspect.  When the detective showed a photo array containing a photograph of Petitioner to the cashier and manager, the cashier was unable to make a positive identification, but the manager positively identified the Petitioner as the offender that committed the robbery on December 22, 2019 at the KFC.

Petitioner was later arrested on January 8, 2019 and charged in connection with the robberies of the PNC Bank, the TD Bank, and the KFC.

**B.  The Instant Habeas Corpus and Rule 65 Motion**

On September 3, 2020, Petitioner filed his *pro se* habeas corpus petition with the United States District Court for the Middle District of Pennsylvania, which was transferred to the Eastern District.  ECF Nos. 1 and 9.  On October 19, 2020, Petitioner filed an Amended Petition, with an accompanying brief filed on March 15, 2021.  ECF Nos. 8 and 15.

 Petitioner argues that his current incarceration pending trial is unlawful and in violation of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights.  ECF No. 15 at 3. Petitioner explains that he has not been brought to trial in two years in violation of Pa. R. Crim. Pro. 600. *Id*. at 11.  Additionally, Petitioner contends that his health conditions, including high blood pressure, asthma, and heart complications, put him at an increased risk of suffering serious complications from Covid-19, and that prison conditions have become inhumane due to the pandemic.  *Id*. at 12.  Finally, Petitioner argues that his mental and physical health have deteriorated substantially enough that he requires additional medical care.  *Id*. at 13.  Petitioner seeks four forms of relief: (1) grant Petitioner immediate supervised release; (2) order the open criminal cases against him to be dismissed as "constitutionally time-barred;" (3) order a state doctor to immediately treat him for his anxiety with adequate medication and therapy; and (4) afford Petitioner an opportunity for oral argument on his claims.  *Id*. at 8.

In addition to his habeas corpus petition, Petitioner filed a Rule 65 Motion on February 16, 2021.  ECF No. 14.  His Motion requests that this Court issue a preliminary injunction and temporary restraining order: (1) requiring the Respondent to bring Petitioner to the hospital to be diagnosed and treated for his Covid-related health conditions; (2) restraining the Department of Corrections from keeping Petitioner in custody; and (3) releasing Petitioner from prison conditioned on special supervision.  *Id*. at 6.

### C.  Magistrate Judge Sitarski's Report and Recommendation

Magistrate Judge Sitarski's issued her R&R on March 31, 2021 and recommended dismissing both Petitioner's writ of habeas corpus and his Rule 65 motion.  ECF No. 19.

The R&R explained the highly deferential posture a federal court must take before intervening into a state court's criminal proceeding, as Petitioner has filed this petition for habeas relief before being convicted on the charged offenses.  As such, Petitioner bears the burden of proving exhaustion of all available state remedies.  However, Petitioner in fact still has state remedies available to him.  Additionally, the R&R concluded that Petitioner has not presented the Court any "special circumstances" that would demand habeas review prior to the completion of his state court trial.  Judge Sitarski ultimately concluded that federal court intervention is premature at this time.

Turning to the Petitioner's motion for a temporary restraining order and injunction under Rule 65, the R&R concluded that Petitioner has not shown circumstances warranting injunctive relief.  Without exhausting his state court remedies, the Petitioner's Rule 65 motion cannot establish a reasonable likelihood of success on the merits of his underlying habeas claim.  Nor has Petitioner met the heavy burden of demonstrating that he will suffer irreparable harm if he is not released.  Judge Sitarski noted that the mere existence of Covid-19 in society cannot independently justify release and that Petitioner's claim that he suffers from shortened breath due to complications from Covid-19—without providing medical records to support this—is not a sufficiently compelling reason for his release.

### D.  Petitioner's Objections

Petitioner, representing himself, has filed Objections to the R&R.  ECF No. 19. Petitioner objects to the R&R on the grounds that (1) his sole federal remedy lies in habeas corpus; (2) Covid-19 risks are extraordinary circumstances that warrant his release from custody;

(3) Petitioner cannot exhaust if he is represented by counsel; and (4) in his situation, exhaustion is not required.

Petitioner first takes issue with the R&R explaining that Petitioner had filed an appeal to regarding his wrongful conviction and sentence, as that appeal was quashed *sua sponte* due to the Petitioner having a post-sentence motion pending, which counsel for Petitioner never communicated to him. This caused Petitioner to seek the help of the State Supreme Court to order counsel to confer or withdraw. The State Supreme Court sent counsel several notices to comply with his duties as an attorney, which allegedly were ignored until Petitioner was forced to file a lawsuit against him. As a result of counsel's conduct, Petitioner's time to file a Post Conviction Relief Act petition had elapsed causing prejudice to his constitutional right to effective assistance of counsel. As such, Petitioner claims that he is not required to exhaust his state claims since the corrective process has been so clearly deficient as to render any effort to obtain relief futile (citing *Duckworth v. Serrano*, 454 U.S. 561 (1981)).

Next, the Petitioner objects to the conditions of his confinement and argues that the conditions of his incarceration violate the Eighth and Fourteenth amendments. Petitioner argues that the Department of Corrections was grossly negligent in allowing Covid-19 to spread through the prison and infect thousands of inmates. In addition to the poor conditions, Petitioner claims he is being deprived of mental health treatment and has been punished and confined to solitary confinement for actions directly attributable to his serious mental health illness. Petitioner claims to have been diagnosed with anxiety, Post Traumatic Stress Disorder, bipolar disorder, major depression, and anti-social personality disorder. Petitioner believes the DOC staff intentionally trigger his symptoms, which causes him to immediately react and DOC staff then file misconduct reports and keep him confined in "disciplinary custody." Petitioner further

argues that his solitary confinement is ruining his physical and mental health and the conditions

of his confinement amount to cruel and unusual punishment in violation of the Eighth and

Fourteenth amendments.

Petitioner also claims he has been denied the constitutional guarantee to a speedy trial.

Under the Pennsylvania speedy trial statute, the Commonwealth was legally obligated to bring

Petitioner to trial no later than February 1, 2020.  *See* Pa. R. Crim. P. No. 600(a).  Petitioner filed

a Motion to Dismiss based on the speedy trial violation on October 15, 2020.  The Judge in the

Court of Common Pleas has not yet ruled on the motion.  The State Supreme Court in March

2020, a month after the Petitioner's 365 days had elapsed, suspended the speedy trail statute.

Petitioner claims this limited his right to seek any remedy for being excessively incarcerated

pretrial in violation of the Constitution, causing another absence of effective process to seek

relief.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  Moreover,

per Petitioner, Art. 1, Sec. 12 of the Pennsylvania State Constitution clearly states that only

legislators may suspend laws, not the State Supreme Court.  As such, the court's action

suspending the speedy trail statute violated the separation of powers.

Lastly, Petitioner states that, during this delay, one of Petitioner's main alibi witnesses

has died from Covid-19, significantly prejudicing the defense.

## II.    LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in

violation of the law."  *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  The instant petition was

filed under 28 U.S.C. § 2241 because Petitioner is a pre-trial detainee in state custody.  *Paladino*

*v. King*, 247 F. App'x 393, 394 (3d Cir. 2007).  Section 2241 confers jurisdiction on district

courts to issue writs of habeas corpus in response to a petition from someone who "is in custody

9

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3).

A district court may summarily dismiss a habeas petitioner when it plainly appears that the petitioner is not entitled to relief in the district court pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Pacitti v. Lindsay*, No. 3:CV-06-0783, 2006 WL 1274997, at *1 (M.D. Pa. May 8, 2006). A judge must order the respondent to file an answer only "[i]f the petition is not dismissed." *See* Rules governing § 2254 Cases, Rule 4.

When a petitioner timely files objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C), the district court will make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Weidman v. Calvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). However, a district court is not required to make any separate findings or conclusions. *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman*, 164 F. Supp. 3d at 653 (citing *Reider v. Apfel*, 155 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). When objections are general rather than specific, *de novo* review is not required. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Uncontested portions of a R&R, as well as portions which general objections are made, may be reviewed under a standard determined by the district court; however, at a minimum, these portions should be reviewed for "clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1

(M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Lng Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("A district court should 'afford some level of review to dispositive legal issued raised by the report.') (internal citation and quotation omitted).  After such review, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendation" contained in a report.  28 U.S.C. § 636(b)(1)(C).

Additionally, Rule 4 provides that a federal habeas court may take judicial notice of state court records, dockets, and/or state court opinions, as well as its own court records. *See Richardson v. Thompson*, No. 13-1466, 2014 WL 65995, at *3 (W.D. Pa. Jan. 8, 2014).

## III.   ANALYSIS

Magistrate Judge Sitarski's R&R, issued on March 31, 2021, concludes that Petitioner is not entitled to habeas relief on any of his claimed grounds.  *See generally* ECF No. 18. Magistrate Judge Sitarski finds that a substantive review of Petitioner's claim is inappropriate at this time as Petitioner has yet to stand trial, or even complete one round of state court review. Petitioner has failed to present any "special circumstances" that would justify habeas review prior to the completion of his state court trial; nor does Petitioner meet the heavy burden warranting the grant of injunctive relief in his Rule 65 motion.

Petitioner timely filed Objections to Magistrate Judge Sitarski's R&R on April 4, 2021. *See generally* ECF No. 19.  In his Objections, Petitioner states four ground of relief.  First, Petitioner claims that the "sole" federal remedy for a detainee seeking immediate release from custody is habeas corpus.  Second, Petitioner argues that Covid-19 risks are "extraordinary circumstances" that warrant release from custody.  Third, citing Pa. R.A.P. 3304, Petitioner claims that he cannot exhaust state court remedies if he is represented by counsel.  Lastly,

Petitioner argues that, in these situations, exhaustion is not required, citing *Coleman v. Thompson*, 501 U.S. 722 (1991); *Murray v. Carrier*, 477 U.S. 478 (1986).

### A. The Habeas Corpus Petition

The Court reviews *de novo* the specific portions of the R&R to which Petitioner objects and "may accept, reject, or modify" Magistrate Judge Sitarski's conclusions "in whole or in part." 28 U.S.C. § 636(b)(1)(c); *see also* Fed R. Civ. P. 72(b)(3).

Although Section 2241 provides federal courts with "pre-trial" habeas corpus jurisdiction, it "must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F.App'x 3,4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 445-46 (3d Cir. 1875)). Federal courts should uphold the principle of comity, or "deference and 'proper respect' for state governmental functions," which requires the court to exercise restraint in interfering with ongoing state criminal proceedings. *Evans v. Court of Common Pleas Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Absent "exceptional circumstances in criminal cases, the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Section 2241 is not usually a "proper vehicle" to challenge detention pending trial. *Reese v. Warden Phila. FDC*, 904 F.3d 244, 247 (3d Cir. 2018). When a petitioner seeks to "challenge the charges against him" he should "do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition." *Id.*

### i. Petitioner Has Not Satisfied The Exhaustion Requirement

The Supreme Court has ruled "[a] petitioner cannot bring federal habeas claims without first exhausting state remedies—a process that frequently takes longer than one year." *Holland*

*v. Florida*, 560 U.S. 631, 648 (2010); *see also Woods/Hall*, 2007 WL 4190693, at *2 n.4 ("exhaustion in state court of pre-trail claims in a § 2241 habeas petition is judicially mandated").  The exhaustion rule is a matter of comity and "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992).

The Petitioner bears the burden of proving all facts entitling him to discharge from custody, including procedural requisites entitling him to relief.  *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).  Thus, the Petitioner has the burden of proving the exhaustion of all available state remedies.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  The exhaustion requirement does not foreclose federal relief, but merely postpones it. *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993).

Magistrate Judge Sitarski found that addressing the Petition on the merits at this time is inappropriate because the Petitioner has not satisfied the exhaustion requirement.  Petitioner has a pending motion to dismiss in state court, which was filed on October 15, 2020 and has not yet been ruled on.  Crim. Docket 2 at 7; Crim. Docket 3 at 7.  Furthermore, he did not appeal the trial court's decision to revoke his bail to the Superior Court.  Crim. Docket 2 at 5.  The Petitioner has not invoked one complete round of the State's established appellate review process with respect to his pre-trial detention.  Additionally, Petitioner has yet to present the state court with any of the claims he purports to raise here.  Adequate state court review remains available to Petitioner "at trial and thereafter, on appellate review." *Moore*, 515 F.2d at 445; *see also Woods/Hall*,

13

2007 WL 4190693, at *3.  Therefore, "because the normal appellate process available post-trial is sufficient to protect his federal rights, [Petitioner] cannot establish that a return to state court would be futile because of an absence of available state corrective process."  *Woods/Hall*, 2007 WL 4190693, at *3.  The R&R adds that Petitioner's trial, scheduled for September 13, 2021, may provide some of the relief he seeks here.

In opposition, Petitioner argues that he is not subject to the exhaustion requirement because he is represented by constitutionally deficient counsel and that in his situation exhaustion is not required.  Petitioner cites Pa. R.A.P. 3304, which prohibited review of a defendant's pro se brief if he is represented by counsel.  However, Pa. R.A.P. 3304 has been rescinded and is inapplicable anyway because it only applied to post-conviction filings.  While it is true that there is no right to hybrid representation in Pennsylvania, this is not an exception to the exhaustion requirement.  *See, e.g.*, *Young v. Superintendent Diguglielmo*, No. CV 15-1830, 2016 WL 3511543, at *4 (E.D. Pa. Feb. 8, 2016) (finding that habeas petitioner had not exhausted his state court remedies because he had not properly presented to the state court his federal constitutional claims where petitioner was represented and filed his action *pro se*).

Petitioner's reliance on *Coleman* on this point is also misguided.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  In *Coleman*, the Supreme Court held that "[a] habeas petitioner who has defaulted on his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."  *Coleman*, 501 U.S. at 732.  *Coleman* is inapposite here because there is no evidence in the record that the Petitioner has defaulted on his federal claims in state court and that no state court remedies are available to him.  For example, the Petitioner has not shown that he can no longer appeal the trial court's revocation of his bail or that he cannot file a motion to vacate or reduce the bail judgment.  Magistrate Judge

Sitarski specifically cited this deficiency in finding that Petitioner has not exhausted his state court remedies and the Petitioner provided no response in his Objections that undermines her conclusions.

Petitioner also argues that he should not be subject to the exhaustion requirement because he has attempted to avail himself of state court remedies but has been unsuccessful, showing that the state's "corrective process is so clearly deficient as to render futile any effort to obtain relief." ECF No. 19 at 6-7 (citing *Duckworth v. Serrano*, 454 U.S. 561 (1981)). Petitioner's appeal of his prior conviction and sentence was quashed *sua sponte* because he had a pending post-sentencing motion that his counsel had not informed him of. *Id*. at 7. Petitioner also solicited the State Supreme Court to send his counsel notices to comply with his duties that were allegedly ignored. Due to his counsel's delay, Petitioner is now time-barred from filing a Post-Conviction Relief Act petition in violation of his constitutional right to effective assistance of counsel. Petitioner states that as a result of his counsel's ineffectiveness in violation of his Sixth and Fourteenth Amendments, and the State Supreme Court's failure to "timely" enforce its authority, Petitioner has no corrective process in state court to obtain relief. *Id*.

The exhaustion requirement is excused and considered futile where no available state corrective process exists, or the particular circumstances of the case render the state process ineffective to protect the petitioner's rights. 28 U.S.C. §§2254(b)(1)(B)(i) and (ii); *Lambert*, 134 F.3d at 513. The habeas petitioner bears the burden of proving futility as to the state remedies. *Toulson*, 987 F.2d at 987. Petitioner has not proved futility of available state remedies here because he has not shown that there is no corrective process available to him or that the available process is ineffective. Petitioner did not appeal the trial court's decision to revoke his bail to the Superior Court, nor has he filed any subsequent motion on his pre-trial detention. Crim. Docket

2 at 5.  As detailed above, he has not invoked one complete round of the State's established appellate review process, nor has he presented the state courts with any of the claims he purports to raise here.  In his Objections, Petitioner did not adequately explained his failure to pursue these remedies, which was identified in the R&R.  As such, the Court finds that state court remedies remain available to Petitioner before trial, at trial and thereafter, on appellate review. *Moore*, 515 F.2d at 445; *see also Woods/Halls*, 2007 WL 4190693, at *3.

   ii.     **Petitioner Has Not Shown Extraordinary Circumstances**

   Magistrate Judge Sitarski finds that Petitioner's claim for relief at this time is inappropriate as a "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30ᵗʰ Judicial Cir. Court of Kentucky*, 410 U.S. 484, 489 (1973); *see also Woods/Hall v. Commonwealth of Pennsylvania*, No. 07-3487, 2007 WL 4190693, at *1 (E.D. Pa. Nov. 21, 2007).  Barring "extraordinary circumstances," the Court should "exercise its 'pretrial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies."   *Moore*, 515 F.2d at 443. "Only where there has been a 'showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief' is it appropriate for a federal court to enjoin or otherwise interfere in state criminal proceedings." *Briston v. Wholey*, 2008 U.S. Dist. LEXIS 76254 (citing *Younger*, 401 U.S. at 54).

   The Third Circuit has ruled that grievances with the right to a speedy trial are not "a per se 'extraordinary circumstance.'" *Moore*, 515 F.2d at 446.  In fact, the Court could not find any authority which "singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispend with the exhaustion requirement." *Id*.   Furthermore, the

Third Circuit has held that "cases in which the speedy trial claim has been raised in pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts." *Id*.

Magistrate Judge Sitarski concluded that Petitioner has not offered any extraordinary circumstances that warrant pretrial, pre-exhaustion habeas corpus relief during the pendency of his ongoing state court proceedings. *See Lambert*, 134 F.3d at 157.  To justify pre-exhaustion habeas relief, Petitioner must present allegations reveling "the quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance.'" *Id*.  Although Petitioner asserts that he has been unjustly imprisoned for over two years, he has been formally arraigned, bills of information have been filed, and pre-trial conferences have been held.  Crim. Docket 1 at 2; Crim. Docket 2 at 2; Crim. Docket 3 at 2.  Additionally, his trial is scheduled to start in three months.  *Cf. Dickerson*, 816 F.2d at 228-29 (five-year delay in bringing petitioner to trial did not present the requisite special circumstances for pre-trial habeas review); *see also Moore*, 515 F.2d at 446 ("We perceive nothing in the nature of the speedy trial right to qualify it as a per se 'extraordinary circumstance.'").

Further, the R&R accurately notes that any delay in Petitioner's trial was not caused by harassment, bad faith, or other intentional activities.  *See Lambert*, 134 F.3d at 517.  After Petitioner's cases were consolidated, his counsel filed a request for a continuance to conduct further investigation.  Crim. Docket 1 at 6; Crim. Docket 2 at 7; Crim. Docket 3 at 7.  Moreover, the most recent continuance in this case was ordered by the court due to the closure of the courthouse during the Covid-19 pandemic.  Crim. Docket 1 at 7; Crim. Docket 2 at 8; Crim. Docket 3 at 8.  This most recent delay was necessary to protect public health and in compliance with CDC guidelines.  Therefore, Magistrate Judge Sitarski correctly concluded that these delays

17

do not show bad faith or harassment, and therefore do not qualify as "extraordinary circumstances" necessitating release. *See Lambert*, 134 F.3d at 517.

Accordingly, federal court intervention is premature and unwarranted. The Pennsylvania courts are the proper forum for addressing the issues raised in this petition.

### B.  The Rule 65 Motion

Petitioner here "bear[s] the burden on demonstrating the various factors justifying preliminary injunctive relief." *Granny Goose Foods, Inc. v. Brotherhood of Teamster and Auto Truck Drivers Local No. 70 of Alameda County*, 415, U.S. 423, 441 (1974). For a requesting party to obtain a temporary restraining order or a preliminary injunction, it must show: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If factors (1) and (2) are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179. However, if the Petitioner fails to establish both (1) a reasonable likelihood of success on the merits and (2) irreparable injury if the requested relief is not granted, a preliminary injunction is inappropriate. *Id*. Where Petitioner seeks a mandatory preliminary injunction that will alter the status quo, he "bears a particularly heavy burden in demonstrating its necessity." *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

Here, Petitioner requests this Court release him from prison due to his high blood pressure, asthma, and unspecified heart complications, which place him at higher risk of

complications from Covid-19.  ECF No. 19 at 5.  Additionally, the Petitioner alleges that as a result of gross negligence and reckless indifference for inmates' lives, the Department of Corrections has caused their prison staff to spread Covid-19 to each facility, infecting and killing thousands of inmates.  And, as a consequence of the Department of Corrections' negligence, the Petitioner alleges that he became "positive" for Covid-19 while having underlying health conditions.

The Third Circuit has held that a challenge to the conditions of confinement is cognizable on habeas review "in extreme cases," and has further found that the circumstances of the Covid-19 pandemic establish such an extreme case.  *Ali v. Gibson*, 572 F.2d 971, 975 n. 8 (3d Cir. 1978); *Hope v. Warden York County Prison*, 972 F.3d 310, 324-25 (3d Cir. 2020).  However, the Third Circuit has also stated that "the mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *U.S. v. Raia*, F.3d 954, 597 (3d Cir. 2020).  Although Petitioner's medical conditions of high blood pressure, asthma, and unspecified heart complications put him at an increased risk of severe illness, this risk alone is not a sufficiently compelling justification for his release, particularly where the Petitioner has not provided any medical records.  The Petitioner also alleges (again without providing any documentation to the Court) that he suffers from shortened breath due to complications from Covid-19, resulting in breathing complications, severe chest pain, lack of smell and taste, nausea, and headaches.  ECF No. 19 at 5.  The Petitioner also did not provide support for his accusations of negligence against the Pennsylvania Department of Corrections.  As the R&R recognized, the Pennsylvania DOC has implemented a number of Covid-19 safety measures in accordance with CDC recommendations, and is taking measures to mitigate the risks to inmates.  *See COVID-19 and the DOC*,

http://www.cor.pa.gov/Pages/COVID-19.aspx (last visited Jun. 3, 2021).  Based on the

aforementioned factors, Petitioner has not made a compelling argument that he is entitled to

relief.  *See Saillant v. Hoover*, 454 F. Supp. 3d 465, 471-72 (M.D. Pa. 2020) (finding petitioner

not entitled to habeas relief where petitioner did not show Covid diagnosis, symptoms, or direct

exposure, and where prison implemented proper safety measures).

 Magistrate Judge Sitarski correctly concludes that Petitioner fails to meet the heavy

burden warranting the grant of injunctive relief.  As discussed above, because Petitioner has not

exhausted his claims in the state court or shown extraordinary circumstances, he cannot establish

a reasonable likelihood of success on the merits of his underlying habeas claim.  Nor has

Petitioner satisfied the heavy burden of demonstrating that he will suffer irreparable harm if he is

not released, such that the status quo should be altered.  Due to Petitioner's failure to satisfy

factors (1) reasonable likelihood of success on the merits and (2) that he will suffer irreparable

injury if requested relief is not granted, Petitioner's Rule 65 Motion will be denied.  Federal

court intervention is premature and unwarranted.  The Pennsylvania state courts are the proper

forum for addressing the issues raised in this petition in the first instance.

## IV. CONCLUSION

 For the reasons set forth above, the Court overrules Petitioner's Objections to Magistrate

Judge Sitarski's R&R (ECF No. 19) and adopts the R&R's findings and recommendations (ECF

No. 18) in their entirety.  The petition for habeas relief (ECF No. 8) is denied and dismissed.

The Rule 65 Motion for a preliminary injunction and temporary restraining order (ECF No. 14)

will also be denied.

    **BY THE COURT:**

    **/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

# ATTACHMENT "A"

# IN THE MUNICIPAL COURT OF PHILADELPHIA COUNTY
## CRIMINAL SECTION - TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :

V.                                            :

*Charles Talbert*                          :

TERM: *MC51CR*
*0001736-2019*

## ORDER

AND NOW, to wit, this *19th* day of *March*_____, 20 *19*___, it is ORDERED AND DECREED that a PROTECTIVE ORDER is entered under 18 Pa.C.S. §4954 on behalf of _____ *KFC – 6200 Stenton Ave  Philadelphia, PA* *Kimberly Robinson & Angel Prada*

It is HEREBY ORDERED that the defendant, *Charles Talbert*_____ refrain from contacting or intimidating the above mentioned person(s), either personally or by family, friends, agents or acquaintances, and that the defendant have no communication whatsoever, directly or indirectly, with the person(s) above named, except through an attorney.

This ORDER is effective from *March 19, 2019*_____ until this case is finally disposed.

Violation of this ORDER carries the following penalties under 18 Pa.C.S. §4955:

1. You may be arrested for intimidation of witnesses or victims and/or retaliation against a witness or victim, both felony charges.

2. You may be held in contempt by this COURT.

3. These penalties may be imposed whether the violation complained of has been committed by you personally or caused or encouraged by you.

_____ J.

MC-51-CR-0001736-2019 Comm. v. Talbert, Charles P.
Held for Court

8243528121

DATE ENTERED: *March 19, 2019*_____

11-300  (Rev. 9/06)

COURT

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District



**INFORMATION**

**Commonwealth of Pennsylvania**
v.
**Charles P. Talbert**

**Docket No: CP-51-CR-0001995-2019**

The Attorney for the Commonwealth of Pennsylvania by this information charges that in the County of Philadelphia, Pennsylvania, Charles P. Talbert:

**COUNT 1:**             **Robbery-Threat Immed Ser Injury - (F1)**

On or about: 12/22/2018      **18 § 3701 §§ A1II**
In the course of committing a theft, inflicted serious bodily injury upon another; and/or threatened another with, or intentionally put another in fear of, immediate serious bodily injury; and/or committed or threatened to immediately to commit a felony of the first or second degree; and/or inflicted bodily injury upon another, or threatened another with or intentionally put another in fear of immediate serious bodily injury; and/or physically took or removed property from the person of another by force

Victim: Kimberly Robinson

**COUNT 2:**             **Terroristic Threats W/ Int To Terrorize Another - (M1)**

On or about: 12/22/2018      **18 § 2706 §§ A1**
Communicated, either directly or indirectly, a threat to commit a crime of violence with intent to terrorize another

Victim: Kimberly Robinson

Citation of Statute
and Section:        1  18 § 3701 §§ A1II (F1)
              2  18 § 2706 §§ A1 (M1)

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth.

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philadelphia County District Attorney
Larry Krasner

CP-51-CR-0001995-2019 Comm. v. Talbert, Charles P.
Information Filed

8244659851



**Commonwealth of Pennsylvania**
**County of Philadelphia**

**AFFIDAVIT OF PROBABLE CAUSE**
*COURT VERSION*
Copy

| Affiant: | Warrant Control Number: |
|---|---|
| DET DIANE NELSON DIANE 626 Northwest Detectives Division | AFF-0000070-2019 |

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

1. That after investigation I have probable cause to believe that a warrant of arrest should be issued for:

Defendant Name: <u>CHARLES P TALBERT</u>      Gender: <u>M</u>   Race: <u>Black</u>

Alias:

Address: **143 W PRICE ST Philadelphia, PA 19144**

CHARGES:

| DC Number | Code | Grade | Description | Count |
|---|---|---|---|---|
| 1814107446 | CC3701 | F1 | ROBBERY | 1 |
| | CC2706 | M1 | TERRORISTIC THREATS | 1 |
| | CC2705 | M2 | REAP | 1 |

2. That the facts tending to establish the grounds for the issuance of the warrant of arrest and the probable cause for my belief are as follows:    ( Note: if extended text exists, see following page(s) )

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant:  DET DIANE NELSON DIANE 626 Northwest Detectives Division

Sworn to or affirmed and subscribed before me this 9 day of January , 2019



_____
Affiant Signature

_____
Issuing Authority Signature

CHARLES P TALBERT                  Page 1 of 2 Pages                  Printed: 01/19/2019 12:25 AM

Commonwealth of Pennsylvania
County of Philadelphia



**AFFIDAVIT OF PROBABLE CAUSE**
*COURT VERSION*
Copy

| Affiant: | Warrant Control Number: |
|---|---|
| DET DIANE NELSON DIANE 626 Northwest Detectives Division | AFF-0000070-2019 |

1814107446

The complainant states, in summary, that on 12/22/18 at 10:53am, while working the cash register at the Kentucky Fried Chicken located on the 6200 block of Stenton Ave., the offender approached her and threw a demand note over the front counter in her direction. The complainant asked, "What's this?" and the offender replied, "If you don't give me the money, I'll kill you!" The complainant states the offender had his jacket pulled up to his face covering his mouth, and she had difficulty understanding him. She asked the offender three times what he said, and on the third time the offender stated, "If you don't open the register, I'm gonna kill you!" The complainant then ran to the back of the restaurant and informed witness #1, her boss, of what happened. The complainant and witness #1 then ran to the front of the store, and observed the offender fleeing the location Southbound on Stenton Ave., though a 'Pep Boys' parking lot towards Tulpehocken St. Witness #1 then got into his vehicle, and followed the offender to the 1300 block of E. Tulpehocken St. where he used his cell phone and recorded the offender talking to an older black male outside of a dark blue Saturn, with a PA tag #JJK-5001. Witness #1 then left the location and flagged down P/O Gomes #3203 and P/O Samarco #3558 in the area of Stenton Ave. and Barringer St. and informed them of the robbery.

NWDD responded to location of occurrence, photographed the scene, and interviewed the complainant and witness #1. The scene could not processed because it had been contaminated. A demand note, written on what appears to be a piece of a brown paper bag that read, "Give me 5k or I'm gonna kill you," was recovered from the front counter of the restaurant. This was placed on PR #3377360 and submitted to City Hall. Witness #1 provided the assigned with the video from his cell phone of the offender.

On 12/27/18, P/O Gomes and P/O Samarco were on patrol in the area of 6200 Stenton Ave. when they observed the blue Saturn PA #JJK-5001 they recognized from the video recorded by witness #1. They stopped the vehicle for investigation, at which time they recognized the operator of the vehicle as the male speaking to the offender in the video. The operator, witness #2, provided the officers with his recollection of his encounter with the offender on 12/22/18 that was captured on video by witness #1. He informed the officers that he knows the offender from living in the same neighborhood as him, and that the offender goes by the name of "Charlie." Witness #2 informed the officers that "Charlie" approached him and asked him for a ride. Witness #2 then observed witness #1 recording them with his cell phone. He declined to give "Charlie" a ride, and went inside his residence.

With this information, P/O Gomes and P/O Samarco searched a prior offender search database using the offender's physical description with addresses in the 14th district and were able to produce a suspect, Charles Talbert 03/27/81, that matched the physical description of the offender from the video footage taken by witness #1. This information was provided to the assigned. The assigned attempted to contact witness #2 for an interview, with negative results. Meanwhile, the assigned submitted a facial recognition request to the Pennsylvania Criminal Intelligence Center using a screenshot of the offender obtained from witness #1's video. The results implicated Charles Talbert 03/27/81 as a possible suspect.

The assigned then created 2 photo arrays, each containing a photograph of Charles Talbert 03/27/81 to be viewed by the complainant and witness #1. On 12/28/18, at 11:50am, Det. Funk #680 administered the two separate photo arrays to the complainant and witness #1 inside the KFC located on the 6200 block of Stenton Ave. The complainant was unable to make a positive identification. However, witness #1 positively identified Charles Talbert 03/27/81 as the offender that committed the robbery on 12/22/18 at the Kentucky Fried Chicken located on the 6200 block of Stenton Ave., whom he followed and recorded on his cell phone.

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

---

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant:  DET DIANE NELSON DIANE 626 Northwest Detectives Division

Sworn to or affirmed and subscribed before me this 9 day of January , 2019



_____
Affiant Signature

_____
Issuing Authority Signature

CHARLES P TALBERT                    Page 2 of 2 Pages                    Printed: 01/19/2019 12:25 AM



**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

PARS

DC# : 18-14-107446
Dckt/MC#: MC51-CR-0001736-2019
Date : Jan 09,2019
Complaint : COM-0000070-2019

**Criminal Complaint**   *Felony*                                        Copy

***COMMONWEALTH OF PENNSYLVANIA VS.*** CHARLES P TALBERT

I, the undersigned, do hereby state under oath or affirmation:

(1) My name is: **DIANE NELSON DIANE  Northwest Detectives Division**

(2) I accuse  **CHARLES P TALBERT**

who lives at  **143 W PRICE ST  Philadelphia, PA 19144**

with violating the Penal Laws of Pennsylvania on or about  **Saturday, December 22, 2018**

in the county of Philadelphia.

(3) The acts committed by the accused were:

ON 12-22-2018 AT OR NEAR 6200 STENTON AVENUE, IN THE COURSE OF COMMITTING A THEFT, THE DEFENDANT THREATENED OR INTENTIONALLY PUT ANOTHER IN FEAR OF SERIOUS INJURY BY APPROACHING THE COMPLAINANT, K.R. AND THREATENING TO KILL K.R. IF K.R. DID NOT OPEN A CASH REGISTER

In violation of Pennsylvania Penal Laws,  section(s) and title(s)

**CHARGES:**

| Code | Grade | Description | Counts |
|------|-------|-------------|--------|
| CC3701 | F1 | ROBBERY | 001 |
| CC2706 | M1 | TERRORISTIC THREATS | 001 |
| CC2705 | M2 | REAP | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

(4) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made.  This complaint has been reviewed and approved by  **A.D.A. JOO KIM**

(5) I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on

_____ before Philadelphia Municipal Court Judge/Arraignment Court Magistrate.



_____
Signature of Arraignment Court Magistrate.

_____
Signature of Affiant

*Commonwealth's Representative  "I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents."*

On  **01/09/2019**   , the above named affiant swore or affirmed that the facts set forth in the complaint were true and correct to the best of his/her knowledge, information and belief, and signed it in my presence.  I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.



Seal

CHARLES P TALBERT          DC#: 1814107446          Page 1 of 1          Printed: 01/19/2019 12:25 AM

Commonwealth of Pennsylvania
Philadelphia Municipal Court

County of: Philadelphia
First Judicial District



# WARRANT OF ARREST
*COURT VERSION*
Copy

COMMONWEALTH OF PENNSYLVANIA
v.
**CHARLES P TALBERT**

Issuing Authority

**AC Magistrate KEVIN DEVLIN**

Defendant's Address(s):

143 W PRICE ST Philadelphia, PA 19144

Citation/Complaint No : COM-0000070-2019
Docket No :
Warrant Control No : **WAR-0000070-2019**
Date Citation/Complaint Filed : 01/09/2019

Charge(s):

| Code | Grade | Description | Count |
|------|-------|-------------|-------|
| CC3701 | F1 | ROBBERY | 1 |
| CC2706 | M1 | TERRORISTIC THREATS | 1 |
| CC2705 | M2 | REAP | 1 |

*Additional charges, if any, are listed on separate page*

**DESCRIPTIVE INFORMATION:**

| | | |
|---|---|---|
| | Age: **37** | Race: **Black** |
| Sex: **Male** | Height: **5'11** | Eye Color: **Brown** |
| | Weight: **205** | Hair Color: **Bald** |

Telephone Number: **(215)000-0000**

**Distinguishing features (scars, tattoos, facial hair, disability, etc):**

Alias(es):

TO POLICE OFFICER:

In the name of the Commonwealth of Pennsylvania, you are commanded to take     **CHARLES P TALBERT,**
the defendant, into custody for 315  Robbery, Commercial Estab., No Weapon
Issued under my hand this   9    day of **January , 2019**

_____
Signature    Issuing Authority

CHARLES P TALBERT,     DC#: 1814107446        Page 1 of 1         00040        Printed: 01/19/2019 12:25 AM

THIS PAGE INTENTIONALLY LEFT BLANK

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District



**INFORMATION**

**Commonwealth of Pennsylvania**
**v.**
**Charles Talbert**

**Docket No: CP-51-CR-0002223-2019**

The Attorney for the Commonwealth of Pennsylvania by this information charges that in the County of Philadelphia, Pennsylvania, Charles Talbert:

<u>COUNT 1:</u>  **Robbery-Inflict Threat Imm Bod Inj - (F2)**

On or about: 12/01/2018  **18 § 3701 §§ A1IV**
In the course of committing a theft, inflicted bodily injury upon another, or threatened another with or intentionally put another in fear of immediate serious bodily injury

Victim: TD Bank: Tahirah Coleman

<u>COUNT 2:</u>  **Theft By Unlaw Taking-Movable Prop - (F3)**

On or about: 12/01/2018  **18 § 3921 §§ A**
Unlawfully took, or exercised unlawful control over, movable property of another with intent to deprive him or her thereof

Victim: TD Bank: Tahirah Coleman
Property: USC

<u>COUNT 3:</u>  **Receiving Stolen Property - (F3)**

On or about: 12/01/2018  **18 § 3925 §§ A**
Intentionally received, retained, or disposed of movable property of another knowing that it had been stolen, or believing that it had probably been stolen, without intent to restore such property to the owner

Victim: TD Bank: Tahirah Coleman
Stolen Property: USC

<u>COUNT 4:</u>  **Poss Instrument Of Crime W/Int - (M1)**

On or about: 12/01/2018  **18 § 907 §§ A**
Possessed an instrument of crime with intent to employ it criminally

Instrument of Crime: Demand Note

<u>COUNT 5:</u>  **Terroristic Threats W/ Int To Terrorize Another - (M1)**

On or about: 12/01/2018  **18 § 2706 §§ A1**
Communicated, either directly or indirectly, a threat to commit a crime of violence with intent to terrorize another

Victim: TD Bank: Tahirah Coleman

CP-51-CR-0002223-2019 Comm. v. Talbert, Charles
Information Filed

8250472741

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District



**INFORMATION**

**Commonwealth of Pennsylvania**
**v.**
**Charles Talbert**

**Docket No: CP-51-CR-0002223-2019**

The Attorney for the Commonwealth of Pennsylvania by this information charges that in the County of Philadelphia, Pennsylvania, Charles Talbert:

Citation of Statute
and Section:

    1  18 § 3701 §§ A1IV (F2)
    2  18 § 3921 §§ A (F3)
    3  18 § 3925 §§ A (F3)
    4  18 § 907 §§ A (M1)
    5  18 § 2706 §§ A1 (M1)

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth.

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philadelphia County District Attorney
Larry Krasner

**Commonwealth of Pennsylvania**
**County of Philadelphia**



**AFFIDAVIT OF PROBABLE CAUSE**
*COURT VERSION*
Copy

| Affiant: | Warrant Control Number: |
|---|---|
| DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division | AFF-0006622-2018 |

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

1. That after investigation I have probable cause to believe that a warrant of arrest should be issued for:

Defendant Name: <u>CHARLES TALBERT</u>          Gender: <u>M</u>   Race: <u>Black</u>

Alias:

Address: **143 W PRICE ST PHILADELPHIA`, PA 19144**

CHARGES:

| DC Number | Code | Grade | Description | Count |
|---|---|---|---|---|
| 1814101054 | CC3701 | F2 | ROBBERY | 1 |
| | CC3921 | F3 | THEFT-UNLWF TAKING | 1 |
| | CC3925 | F3 | THEFT-RSP | 1 |
| | CC0907 | M1 | PIC | 1 |
| | CC2706 | M1 | TERRORISTIC THREATS | 1 |

2. That the facts tending to establish the grounds for the issuance of the warrant of arrest and the probable cause for my belief are as follows:     ( Note: if extended text exists, see following page(s))

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant:  DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division

Sworn to or affirmed and subscribed before me this 4 day of January , 2019

_____
Affiant Signature

_____
Issuing Authority Signature

**Commonwealth of Pennsylvania**
**County of Philadelphia**



**AFFIDAVIT OF PROBABLE CAUSE**
*COURT VERSION*
Copy

| Affiant: | Warrant Control Number: |
|---|---|
| DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division | AFF-0006622-2018 |

1814101054

On Thursday, November 29, 2018, at approximately 12:01PM, the offender walked into the PNC Bank located at 1600 Market Street, Philadelphia, Pennsylvania and handed the victim/teller a demand note that stated, "FILL ME UP A BAG OF MONEY OR I WILL SHOOT." The victim/teller did not comply and walked behind the teller line and put in the emergency code into the pin pad to alert the Police. The offender then walked out of the bank empty handed in an unknown direction. The victim/teller described the offender as a black male, medium build, approximately 5'5", late 20's to early 30's, clean shaven, wearing a grey hooded sweatshirt with a hood up, a black baseball cap with orange on it, and a brown leather jacket with faux fur around the collar. This incident is being carried under DC#2018-09-050269.

On November 29, 2018, at 12:15PM, members of the FBI Task Force responded to the bank robbery and processed the scene. The demand note was photographed and recovered, the victim/teller and the witness were interviewed, and video surveillance to include still images were recovered.

On Saturday, December 1, 2018, at 9:40AM, the offender walked into the TD Bank located at 8600 Germantown Avenue, Philadelphia Pennsylvania and handed the victim/teller a demand note that stated, "GIVE ME TEN THOUSAND IN 10 SECONDS OR YOU WILL DIE." The victim/teller complied and gave the offender approximately $3000.00 dollars in United States Currency (USC). The offender took the USC and fled the bank in an unknown direction. The offender was described as a black male, medium build, approximately 5'5", late 20's to early 30's, light complexion, clean shaven, wearing a grey hooded sweatshirt with the hood up, denim jacket, and white sneakers. This incident is being carried under DC#2018-14-101054.

On December 1, 2018, at 10:43AM, Detective Corson #605 (Northwest Detectives) responded to the bank robbery and processed the scene. The demand note was photographed and recovered, the victim/teller was interviewed, and the still images were recovered.

On December 2, 2018, video surveillance (still images) from the bank robbery were uploaded to the Philadelphia Police Department's home page, and were submitted to the local media outlets to solicit tips from the public.

On Tuesday, December 4, 2018, at 9:58PM, Police Officer Stewart from the Galloway Police Department (New Jersey) was dispatched to 716 West White Horse Pike, New Jersey for a report of a male who wanted to turn himself in for a bank robbery that occurred in Philadelphia, Pennsylvania. Upon arrival, P/O Stewart made contact with Charles Prince Edward Talbert, who stated that he robbed a TD Bank in Chestnut Hill, Philadelphia. Talbert was detained and transported to Galloway Township Police Department (GTPD) for investigation. Once at the GTPD, P/O Stewart was able to contact Sergeant Ward from the 14th District who verified that there was a bank robbery at the TD Bank in Chestnut Hill. P/O Stewart was also able to locate a bulletin that was issued by the Philadelphia Police FBI Violent Crimes Task Force which further verified a robbery at the TD Bank, 8600 Germantown Avenue, Philadelphia, PA. P/O Stewart stated that the still image in the bulletin had distinct similarities with Charles Talbert which further corroborated his admission. Charles Talbert had on his possession $760.00 in USC that was counted in his presence and returned to him.

Charles Talbert then stated to P/O Stewart that he had ingested cocaine approximately thirty minutes prior to making his initial phone to Police and was subsequently transported to Atlanticare Mainland Division Hospital. While at Mainland Hospital, P/O Stewart talked to Special Agent Greenawalt who stated the investigation was in its early stages, there was no arrest warrant issued for Talbert, and there was no probable cause through the FBI's investigation to hold Talbert for the bank robbery. Charles Talbert was informed he was no longer being detained and then P/O Stewart left Mainland Hospital. Charles Talbert stayed at the hospital awaiting medical attention.

Investigators compared the driver's license photograph of Charles Talbert with that of the surveillance photographs from the aforementioned bank robberies. Investigators believe the individual depicted in the surveillance photographs is that of Charles Talbert

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant: DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division

Sworn to or affirmed and subscribed before me this 4 day of January , 2019

_____
Affiant Signature

_____
Issuing Authority Signature

**Commonwealth of Pennsylvania**
**County of Philadelphia**



# AFFIDAVIT OF PROBABLE CAUSE
*COURT VERSION*
Copy

| Affiant: | Warrant Control Number: |
|---|---|
| DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division | AFF-0006622-2018 |

On Tuesday, December 11, 2018, at 10:46AM, Detective McCusker #9058 and I showed the victim/teller from the PNC Robbery a six (6) person photo array that included Charles Talbert. The victim/teller was unable to make an identification.

On December 11, 2018, at 11:24AM, Detective McCusker #9058 and I showed the victim/teller from the TD Bank Robbery a six (6) person photo array that included Charles Talbert. The victim/teller was unable to make an identification.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA CASE RECORDS OF THE APPELLATE AND TRIAL COURTS THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF AND THAT PROBABLE CAUSE TO ARREST EXISTS.

Affiant:  DET MATTHEW CAREY MATTHEW 9225 Southwest Detectives Division

Sworn to or affirmed and subscribed before me this 4 day of January , 2019



_____
Affiant Signature

_____
Issuing Authority Signature



**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

*PARS*
DC# : 18-14-101054
Dckt/MC#: MC51-CR-0000720-2019
Date : Jan 04,2019
Complaint : COM-0006622-2018

**Criminal Complaint**          *Felony*                                                                  Copy

**COMMONWEALTH OF PENNSYLVANIA VS.  CHARLES  TALBERT**

I, the undersigned, do hereby state under oath or affirmation:

  (1) My name is:  **MATTHEW CAREY MATTHEW  Southwest Detectives Division**

  (2) I accuse  **CHARLES  TALBERT**

  who lives at  **143 W PRICE ST  PHILADELPHIA`, PA 19144**

  with violating the Penal Laws of Pennsylvania on or about  **Saturday, December 01, 2018**

  in the county of Philadelphia.

  (3) The acts committed by the accused were:

  AT OR NEAR THE 8600 BLOCK OF GERMANTOWN AVENUE, THE DEFENDANT TOOK OR REMOVED MONEY FROM A
  FINANCIAL INSTITUTION, TD BANK, WITHOUT PERMISSION BY MAKING A DEMAND OF AN EMPLOYEE ORALLY OR IN
  WRITING WITH THE INTENT TO DEPRIVE THE FINANCIAL INSTITUTION THEREOF.

  In violation of Pennsylvania Penal Laws,  section(s) and title(s)

  **CHARGES:**

| Code | Grade | Description | Counts |
|------|-------|-------------|--------|
| CC3701 | F2 | ROBBERY | 001 |
| CC3921 | F3 | THEFT-UNLWF TAKING | 001 |
| CC3925 | F3 | THEFT-RSP | 001 |
| CC0907 | M1 | PIC | 001 |
| CC2706 | M1 | TERRORISTIC THREATS | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

  (4) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the
  charges I have made. This complaint has been reviewed and approved by  **A.D.A. BRIAN BURKE**

  (5) I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on

  _____before Philadelphia Municipal Court Judge/Arraignment Court Magistrate.

_____                                    _____
Signature of Arraignment Court Magistrate.                                    Signature of Affiant

*Commonwealth's Representative: "I certify that this filing complies with the provisions of the Public Access
Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that
require filing confidential information and documents differently than non-confidential information and
documents."*

On  **01/04/2019**   , the above named affiant swore or affirmed that the facts set forth in the complaint were true and
correct to the best of his/her knowledge, information and belief, and signed it in my presence. I believe the
within affiant to be a responsible person and that there is probable cause for the issuance of process.

Seal

INTENTIONAL

LEFT BLANK

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District



**INFORMATION**

**Commonwealth of Pennsylvania**
v.
**Charles  Talbert**

**Docket No: CP-51-CR-0002622-2019**

The Attorney for the Commonwealth of Pennsylvania by this information charges that in the County of Philadelphia, Pennsylvania, Charles Talbert:

<u>**COUNT 1:**</u>          **Robbery-Inflict Threat Imm Bod Inj - (F2)**

On or about: 11/29/2018      **18 § 3701 §§ A1IV**
In the course of committing a theft, inflicted bodily injury upon another, or threatened another with or intentionally put another in fear of immediate serious bodily injury

Victim: PNC Bank: Naomie Lafortune

<u>**COUNT 2:**</u>          **Criminal Attempt - Theft By Unlaw Taking-Movable Prop - (F3)**

On or about: 11/29/2018      **18 § 901 §§ A**
Attempted to unlawfully take, or exercise unlawful control over, movable property of another with intent to deprive him or her thereof

Victim: PNC Bank: Naomie Lafortune

<u>**COUNT 3:**</u>          **Criminal Attempt - Receiving Stolen Property - (F3)**

On or about: 11/29/2018      **18 § 901 §§ A**
Attempted to receive, retain, or dispose of movable property of another knowing that it had been stolen, or believing that it had probably been stolen, without intent to restore such property to the owner

Victim: PNC Bank: Naomie Lafortune

<u>**COUNT 4:**</u>          **Poss Instrument Of Crime W/Int - (M1)**

On or about: 11/29/2018      **18 § 907 §§ A**
Possessed an instrument of crime with intent to employ it criminally

Instrument of Crime: Demand Note

<u>**COUNT 5:**</u>          **Terroristic Threats W/ Int To Terrorize Another - (M1)**

On or about: 11/29/2018      **18 § 2706 §§ A1**
Communicated, either directly or indirectly, a threat to commit a crime of violence with intent to terrorize another

Victim: Naomie Lafortune

CP-51-CR-0002622-2019 Comm. v. Talbert, Charles
Information Filed



8256888791

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District



**INFORMATION**

**Commonwealth of Pennsylvania**
v.
**Charles  Talbert**

**Docket No: CP-51-CR-0002622-2019**

       The Attorney for the Commonwealth of Pennsylvania by this information charges that in the County of Philadelphia, Pennsylvania, Charles Talbert:

Citation of Statute
and Section:
          1   18 § 3701 §§ A1IV (F2)
          2   18 § 901 §§ A (F3)
          3   18 § 901 §§ A (F3)
          4   18 § 907 §§ A (M1)
          5   18 § 2706 §§ A1 (M1)

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth.

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philadelphia County District Attorney
Larry Krasner

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** )
**CRIMINAL SECTION - TRIAL DIVISION**

**COMMONWEALTH OF PENNSYLVANIA** :      **TERM:** 903
V.
Charles Talbert      : Nc-51-cr-0000719-2019

### ORDER

AND NOW, to wit, this 11 day of April , 20 19 , it is ORDERED AND DECREED that a PROTECTIVE ORDER is entered under 18 Pa.C.S. §4954 on behalf of _____ Naomie LaFortune

It is HEREBY ORDERED that the defendant, Charles Talbert refrain from contacting or intimidating the above mentioned person(s), either personally or by family, friends, agents or acquaintances, and that the defendant have no communication whatsoever, directly or indirectly, with the person(s) above named, except through an attorney.

This ORDER is effective from April 11, 2019 until this case is finally disposed.

Violation of this ORDER carries the following penalties under 18 Pa.C.S. §4955:

1. You may be arrested for intimidation of witnesses or victims and/or retaliation against a witness or victim, both felony charges.

2. You may be held in contempt by this COURT.

3. These penalties may be imposed whether the violation complained of has been committed by you personally or caused or encouraged by you.

_____ J.

DATE ENTERED: April 11, 2019

11-302
**COURT**

MC Transcript        Page 1 of 3                    *PARS*



**Commonwealth VS.**
**CHARLES TALBERT**

Address:
143 W PRICE ST
Philadelphia PA 19144-
PID:0810247        SID: 24395324        DOB: 03/27/1981

| | | Dckt/MC# | | | DC# |
|---|---|---|---|---|---|
| | | MC51-CR-0000719-2019 | | | 18-09-050269 |
| | | COMPLAINT FILED BY: | | | Codefendants: 0 |
| | | Name: PNC BANK | | | |
| | | Date: 00/00/0000 | | | Complainants: 1 |
| | | OTN#: U1500450 | | | |

| State Chrg | O | Court | Description | Gr | Ct | State Chrg | O | Court | Description | Gr | Ct |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CC3701 | | 20006 | ROBBERY | F2 | 01 | CC3921 | A | 50004 | THEFT-UNLWF TAKING | F3 | 01 |
| CC3925 | A | 58003 | THEFT-RSP | F3 | 01 | CC0907 | | 43001 | PIC | M1 | 01 |
| CC2706 | | 37550 | TERRORISTIC THREATS | M1 | 01 | | | | | | |

---

Arrest Date: 01/08/2019  BY: MATTHEW CAREY MATTHEW        Badge#: 263012   Group Id:                    /        2
Next Action Date: 01/24/2019   Time: 08:00        Next Action Location: 903: 1301 Filbert Street, Stout Center
Arraignment Disposition: Bail                    Amount:$50,000.00        **Appeal Information**        Arrest Type:  WA
Conditions of Release:                                                   Bail Appeal Judge:
                              Bench Warrants
                         Stay-Away Order Issued               Appeal By:
         Notes: See Supplemental Page For Complete Text

Special Needs:
AC Magistrate: JANE            RICE              Attorney for Def: Public Defender
                                                Court Clerk: MARGARET SOLOMON
                                                ADA/DA Rep: NICO CERIALE
                                                Arraignment Site: PD
                                                Arraignment Date: 01/09/2019   Time: 10:35

---

| | | Preliminary Hearing or Trial Continuances | | | |
|---|---|---|---|---|---|

| | | | | ☐ B.W. Issued | |
|---|---|---|---|---|---|
| First Action | Continued To | Reason for Continuance | Code | ☐ B.O.S.O. | Judge |
| | | | | ☐ B.W. Issued | |
| Further Action | Continued To | Reason for Continuance | Code | ☐ B.O.S.O. | Judge |
| | | | | ☐ B.W. Issued | |
| Further Action | Continued To | Reason for Continuance | Code | ☐ B.O.S.O. | Judge |

Preliminary Hearing Disposition

Date        Place              Attorney for Defendant (Name and Address)

Court Clerk        Court Reporter        Atty No.        ADA
After (waiving) hearing, above defendant is held for Court as follows:

Arraignment Date and Room
It is ordered that the charge(s) against the defendant are to be presented        Date:        Judge:
to the District Attorney for the preparation of information.
Trial Disposition Date

Date        Place              Attorney for Defendant (Name and Address)        Atty No.

Court Clerk        Court Reporter        Plea        Verdict        Atty for Prosecution
Sentence:

---

I hereby certify that the above is a true and correct        Judge:                    Date:
return and transcript. Witness my hand and Seal.                                    (Seal)
Use reverse side for additional notes

---

*ORIGINAL DOCUMENT*        TALBERT,CHARLES        DC#: 1809050269        01/09/2019 10:40:48

| 1 Date | Type | Courtroom | Court Steno. | 2 Date | Type | Courtroom | Court Steno. |
|---|---|---|---|---|---|---|---|
| Court Clerk | Judge | ADA | Counsel | Court Clerk | Judge | ADA | Counsel |
| Contin. Code | Cont. to Judge | Cont. to Room | On (Date) | Contin. Code | Cont. to Judge | Cont. to Room | On (Date) |

Defense  ☐ Ready  ☐ Not Ready   Prosecution  ☐ Ready  ☐ Not Ready   Defense  ☐ Ready  ☐ Not Ready   Prosecution  ☐ Ready  ☐ Not Ready

| 3 Date | Type | Courtroom | Court Steno. | 4 Date | Type | Courtroom | Court Steno. |
|---|---|---|---|---|---|---|---|
| Court Clerk | Judge | ADA | Counsel | Court Clerk | Judge | ADA | Counsel |
| Contin. Code | Cont. to Judge | Cont. to Room | On (Date) | Contin. Code | Cont. to Judge | Cont. to Room | On (Date) |

Defense  ☐ Ready  ☐ Not Ready   Prosecution  ☐ Ready  ☐ Not Ready   Defense  ☐ Ready  ☐ Not Ready   Prosecution  ☐ Ready  ☐ Not Ready

COMMONWEALTH VS.

| Record Control No. | Name, A/K/A, Address, Zip Code | Rule 1100 Expiration Date | INFORMATION NO. |
|---|---|---|---|
| | | | Year, Term & No. |
| Police Photo No. | | | This Case Involves Nos. |
| | | | to |

*ORIGINAL DOCUMENT*        TALBERT,CHARLES        DC#: 1809050269        01/09/2019 10:40:48

MC Transcript      Page 3 of 3

*PARS*

**Notes:** NOTE:  DEFENDANT HAS AN OPEN BENCH WARRANT--PER ADA REP.